**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | |
|---|---|
| JACLYN C. FIREISON )<br>4550 Montgomery Avenue )<br>Suite 1215N )<br>Bethesda, Maryland 20814 )<br>)<br>    Plaintiff )<br>)<br>    v. )<br>)<br>EQUIFAX, INC., )<br>32 South Street )<br>Baltimore, MD 21202 )<br>)<br>SERVE:   The Prentice Hall Corporation )<br>               System, M )<br>               11 E. Chase St. )<br>               Baltimore, MD 21202 )<br>)<br>    and )<br>)<br>CAVALRY PORTFOLIO SERVICES, LLC )<br>4050 E. Cotton Center Blvd. )<br>Bldg. 2, Suite 20 )<br>PHOENIX, AZ 85040 )<br>)<br>SERVE:   The Corporation Trust, Inc. )<br>               300 East Lombard Street )<br>               Baltimore, MD 21202 )<br>)<br>    and )<br>)<br>AMERICREDIT FINANCIAL SERVICES, INC. )<br>200 BAILEY AVENUE )<br>FORT WORTH, TX 76107 )<br>)<br>SERVE:   The Prentice Hall Corporation )<br>               11 E. Chase St. )<br>               Baltimore, MD 21202 )<br>)<br>    Defendants                        ) | CIVIL NO. |

**COMPLAINT**

COMES NOW the Plaintiff, JACLYN C. FIREISON, (hereafter "Plaintiff") by counsel, and for her complaint against the Defendants, alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act), Maryland Code Com. Law § 14, and for the common law tort of defamation.

**JURISDICTION**

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. § 1367.

3. The Plaintiff is a natural person and resident of the State of Maryland. She is a "consumer" as defined by 15 U.S.C. §1681a(c).

4. Upon information and belief, Cavalry Portfolio Services, LLC ("Cavalry") is a corporation incorporated under the laws of the State of Delaware and having its principle place of business in the State of Arizona and authorized to do business in the State of Maryland through its registered offices at The Corporation Trust, Inc., 300 East Lombard Street, Baltimore, MD 21202.

5. Upon information and belief, AmeriCredit Financial Services, Inc. ("AmeriCredit") is a corporation incorporated under the laws of the State of Delaware and having its principle place of business in the State of Texas and authorized to do business in the State of Maryland through its registered offices at The Prentice Hall

Corporation, 11 E. Chase St., Baltimore, MD 21202

6.  Upon information and belief, Equifax, Inc. ("Equifax") is a corporation incorporated under the laws of the State of Georgia and having its principle place of business in Baltimore, MD 21202.

7.  Upon information and belief, Equifax is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f).  Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

8.  Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

9.  Equifax collected and disbursed information regarding Plaintiff's credit history from and to various Maryland entities and entities outside the state.

**FACTS COMMON TO ALL COUNTS**

10.     The Plaintiff realleges and incorporates paragraphs 1 through 9 above as if fully set out herein.

11.     Plaintiff at one time had an account with AmeriCredit Corp.

12.     Plaintiff disputed the account with AmeriCredit Corp. and AmeriCredit Corp. waived any claim against Plaintiff on the account.

13.     AmeriCredit Corp. had already transferred that account to Cavalry Portfolio Services (hereinafter "Cavalry").

14.     AmeriCredit Corp. repurchased the account from Cavalry Portfolio Services.

15. Cavalry brought suit in the District Court for Montgomery County, Maryland to recover the debt. Cavalry's claim was dismissed with prejudice, putting Cavalry on notice that the debt was void.

16. Both Plaintiff and AmeriCredit Corp. notified the three principle reporting agencies to remove the debt to AmeriCredit Corp. and Cavalry on or about March 3, 2005.

17. Despite the above facts, Equifax has continued to furnish consumer reports containing such false adverse information to users and Plaintiff has suffered substantial damages thereby.

18. Upon the Plaintiff's request for verification and deletion, and in accordance with its standard procedures, Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the information.

**COUNT I**
**Equifax: 15 U.S.C. §1681e(b)**

19. The Plaintiff realleges and incorporates paragraphs 1 through 18 above as if fully set out herein.

20. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

21. As a result of this conduct, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

22. Equifax's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. 1681o.

23. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

WHEREFORE, Plaintiff prays judgment in her favor for damages in the amount of $500,000.00 with interest from March 3, 2005, costs of this action and Plaintiff's attorney's fees, that this Court issue an order directing Equifax to remove the AmeriCredit Corp. and Cavalry accounts from Plaintiff's credit report, and any such other and further relief as the court deems just and proper.

## COUNT II
## Equifax: 15 U.S.C. §1681i(a)

24. Plaintiff realleges and incorporates paragraphs 1 through 23 above as if fully set out herein.

25. Equifax violated 15 U.S.C. §1681i(a) by negligently or willfully failing to conduct a reasonable reinvestigation of the information disputed by Plaintiff, even though Equifax had no reasonable grounds to believe that plaintiff's dispute was frivolous or irrelevant.

26. Equifax violated 15 U.S.C. §1681i(a) by negligently or willfully failing to notify the providers of the disputed information that it was being disputed.

27. Equifax violated 15 U.S.C. §1681i(a) by negligently or willfully failing to delete the incorrect information from its file on Plaintiff and continuing to include such information in consumer reports after receiving actual notice of such inaccuracies and

conducting a reinvestigation.

28. Equifax violated 15 U.S.C. §1681i(a) by negligently or willfully permitting the disputed information to reappear in Plaintiff's file.

29. Equifax violated 15 U.S.C. §1681i(a) by negligently or willfully failing to provide Plaintiff with written notice of any reinvestigation into the disputed information.

30. As a result of this conduct, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, denial of credit, mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

31. Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. 1681o.

32. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 1681o.

WHEREFORE, Plaintiff prays judgment in her favor for damages in the amount of $500,000.00 with interest from March 3, 2005, costs of this action and Plaintiff's attorney's fees, that this Court issue an order directing Equifax to remove the AmeriCredit Corp. and Cavalry accounts from Plaintiff's credit report, and any such other and further relief as the court deems just and proper.

### COUNT III
### Equifax: 15 U.S.C. §1681i(c)

33. Plaintiff realleges and incorporates paragraphs 1 through 32 above as if fully set out herein.

34. Plaintiff's notification to Equifax of the errors in her file included a brief statement of the dispute.

35. Subsequent to Equifax's receipt of the statement of dispute, Equifax issued consumer reports without in any way indicating to the users of the reports that certain information contained therein was disputed by Plaintiff and failed to include a copy of Plaintiff's statement.

36. Equifax's failure to include the notification of the dispute and statement of dispute in the consumer reports was in violation of Plaintiff's rights under 15 U.S.C. §1681i(c).

WHEREFORE, Plaintiff prays judgment in her favor for damages in the amount of $500,000.00 with interest from March 3, 2005, costs of this action and Plaintiff's attorney's fees, that this Court issue an order directing Equifax to remove the AmeriCredit Corp. and Cavalry accounts from Plaintiff's credit report, and any such other and further relief as the court deems just and proper.

**COUNT IV**
**Equifax: Md. Code Com. Law § 14**

37. Plaintiff realleges and incorporates paragraphs 1 through 36 above as if fully set out herein.

38. Equifax violated Md. Code Com. Law § 14-1208 by negligently or willfully failing to conduct a reasonable reinvestigation of the information disputed by Plaintiff, even though Equifax had no reasonable grounds to believe that plaintiff's dispute was frivolous or irrelevant.

39. Equifax violated Md. Code Com. Law § 14-1208 by negligently or willfully

failing to notify the providers of the disputed information that it was being disputed.

40. Equifax violated Md. Code Com. Law § 14-1208 by negligently or willfully failing to delete the incorrect information from its file on Plaintiff and continuing to include such information in consumer reports after receiving actual notice of such inaccuracies and conducting a reinvestigation.

41. Equifax violated Md. Code Com. Law § 14-1208 by negligently or willfully failing to provide Plaintiff with written notice of any reinvestigation into the disputed information.

42. As a result of this conduct, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, denial of credit, mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

43. Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to Md. Code Com. Law § 14-1213(a). In the alternative, it was negligent entitling the Plaintiff to recover under Md. Code Com. Law § 14-1213(b).

44. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court.

WHEREFORE, Plaintiff prays judgment in her favor for damages in the amount of $500,000.00 with interest from March 3, 2005, costs of this action and Plaintiff's attorney's fees, that this Court issue an order directing Equifax to remove the AmeriCredit Corp. and Cavalry accounts from Plaintiff's credit report, and any such other and further relief as the court deems just and proper.

## COUNT V
### Equifax: Defamation - Libel

45. Plaintiff realleges and incorporates paragraphs 1 through 44 above as if fully set out herein.

46. The amount of credit available to Plaintiff is based on her past payment history as it is known to creditors.

47. Plaintiff's reputation among lenders is harmed when an account is reported as delinquent.

48. Equifax knowingly published a false delinquent account in written reports to potential creditors, thus harming Plaintiff's reputation as a debtor, resulting in denial of credit to Plaintiff.

WHEREFORE, Plaintiff prays judgment in her favor for damages in the amount of $500,000.00 with interest from March 3, 2005, costs of this action and Plaintiff's attorney's fees, that this Court issue an order directing Equifax to remove the AmeriCredit Corp. and Cavalry accounts from Plaintiff's credit report, and any such other and further relief as the court deems just and proper.

## COUNT VI
### Cavalry: 15 U.S.C. §1681s-2(a)

49. Plaintiff realleges and incorporates paragraphs 1 through 48 above as if fully set out herein.

50. Cavalry was at one time the creditor of Plaintiff.

51. The debt described above was repurchased from Cavalry by the original creditor, AmeriCredit.

52. The debt described above was never a valid debt and was subsequently removed by the original creditor.

53. Cavalry knew it no longer held the debt at the time of the reinvestigation of Plaintiff's credit.

54. Cavalry nevertheless informed Equifax that the debt was still standing.

55. Cavalry willfully violated 15 U.S.C. §1681s-2(a)(1)(A) when it provided Equifax false information relating to the Plaintiff.

56. Cavalry willfully violated 15 U.S.C. §1681s-2(a)(2)(A) when it failed to correct the false information relating to the Plaintiff after returning the debt to AmeriCredit.

WHEREFORE, Plaintiff prays judgment in her favor for damages in the amount of $500,000.00 with interest from March 3, 2005, costs of this action and Plaintiff's attorney's fees, that this Court issue an order directing Cavalry to instruct Equifax to remove the AmeriCredit Corp. and Cavalry accounts from Plaintiff's credit report, and any such other and further relief as the court deems just and proper.

### COUNT VII
### Cavalry: 15 U.S.C. §1681s-2(b)

57. Plaintiff realleges and incorporates paragraphs 1 through 56 above as if fully set out herein.

58. Cavalry wilfully violated 15 U.S.C. §1681s-2(b)(1) by failing to investigate Plaintiff's dispute, because an investigation would have revealed it no longer owned the debt.

59. Cavalry wilfully violated 15 U.S.C. §1681s-2(b)(1) by failing to report to Equifax that it no longer owned a debt of Plaintiff.

60. Cavalry wilfully violated 15 U.S.C. §1681s-2(b)(1) by failing to report to all reporting agencies that it no longer owned a debt of Plaintiff.

WHEREFORE, Plaintiff prays judgment in her favor for damages in the amount of $500,000.00 with interest from March 3, 2005, costs of this action and Plaintiff's attorney's fees, that this Court issue an order directing Cavalry to instruct Equifax to remove the AmeriCredit Corp. and Cavalry accounts from Plaintiff's credit report, and any such other and further relief as the court deems just and proper.

## COUNT VIII
### Cavalry: Defamation - Libel

61. Plaintiff realleges and incorporates paragraphs 1 through 60 above as if fully set out herein.

62. Plaintiff's reputation among lenders is harmed when an account is reported as delinquent.

63. Cavalry knowingly claimed a false delinquent account in written reports to Equifax during the investigation process, thus harming Plaintiff's reputation as a debtor, resulting in denial of credit to Plaintiff.

WHEREFORE, Plaintiff prays judgment in her favor for damages in the amount of $500,000.00 with interest from March 3, 2005, costs of this action and Plaintiff's attorney's fees, that this Court issue an order directing Cavalry to instruct Equifax to remove the AmeriCredit Corp. and Cavalry accounts from Plaintiff's credit report, and any such other and further relief as the court deems just and proper.

## COUNT IX
### AmeriCredit: 15 U.S.C. §1681s-2(b)

64. Plaintiff realleges and incorporates paragraphs 1 through 56 above as if fully set out herein.

65. AmeriCredit wilfully violated 15 U.S.C. §1681s-2(b)(1) by failing to investigate Plaintiff's dispute, because an investigation would have revealed that the debt was invalid.

66. AmeriCredit wilfully violated 15 U.S.C. §1681s-2(b)(1) by failing to report to Equifax that it had purchased the debt from Cavalry.

67. AmeriCredit wilfully violated 15 U.S.C. §1681s-2(b)(1) by failing to report to all reporting agencies that Plaintiff's debt was invalid.

WHEREFORE, Plaintiff prays judgment in her favor for damages in the amount of $500,000.00 with interest from March 3, 2005, costs of this action and Plaintiff's attorney's fees, that this Court issue an order directing AmeriCredit Corp. to instruct Equifax to remove the AmeriCredit Corp. and Cavalry accounts from Plaintiff's credit report, and any such other and further relief as the court deems just and proper.

Respectfully submitted,

**LOUIS FIREISON & ASSOCIATES, P.A.**

BY: _____/s/_____
    Vincent T. Lyon
    Fed. I.D. #16397

BY: _____/s/_____
    Louis Fireison
    Fed. I.D. #01982
    4550 Montgomery Avenue, Suite 1215N
    Bethesda, Maryland  20814-3344
    (301) 652-7500

    Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues raised herein.

_____/s/_____
Vincent T. Lyon