```
         IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
JACLYN C. FIREISON
                                *
         Plaintiff,
v.                              *    CIVIL NO.: WDQ-06-279

EQUIFAX, INC.,et al.,           *

         Defendants.            *

*   *   *   *   *   *   *   *   *   *   *   *   *
```

MEMORANDUM OPINION AND ORDER

Jaclyn C. Fireison sued Equifax, Inc. ("Equifax"), Calvary Portfolio Services, LLC ("Calvary Portfolio"), and AmeriCredit Financial Services, Inc. ("AmeriCredit") for violations of the Fair Credit Reporting Act[1] ("FCRA") and common law defamation. Pending are AmeriCredit's and Calvary Portfolio's motions to dismiss for failure to state a claim. For the following reasons, the motions will be granted.

I.   BACKGROUND

This case involves a dispute about a consumer debt. The Plaintiff maintains that her Equifax credit report erroneously contains adverse information about an held by AmeriCredit and Calvary Portfolio account. *See* Complaint at ¶17. The Plaintiff alleges that the account--which AmeriCredit transferred to Calvary

---

[1] 15 U.S.C. §§ 1681 *et seq*. (2006).

1

Portfolio then repurchased--is now void. *See id*. at ¶15. The Plaintiff also alleges that AmeriCredit failed to follow statutorily required investigation and reporting procedures, and Calvary Portfolio knowingly reported false information to Equifax. *See id*. at ¶¶62, 63, 65, 66, 67. As a result of their actions, Equifax erroneously continues to report this adverse information to potential creditors. *See id*. at ¶17.

On February 2, 2006, the Plaintiff filed this suit seeking damages and removal of the erroneous information from her credit report.

## II. LEGAL DISCUSSION

A. Motion to Dismiss

    1. Standard of Review

A Fed.R.Civ.P. 12 (b)(6) motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), *(citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). All allegations are treated as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Raj Matkari*, et. al., 7 F.3d 1130, 1134 (4th Cir. 1993). If any possible basis for relief has been pled, the Court must

deny the motion to dismiss. *Garland v. St. Louis*, 596 F.2d 784 (8th Cir. 1979), *cert. denied*, 444 U.S. 899 (1979); *Swierkiewicz*, 534 U.S. at 514.

    2.   FCRA

The FCRA was enacted to promote efficiency in the nation's banking system and to protect consumer privacy. 15 U.S.C. §§ 1681(a). The FCRA protects consumers from inaccurate information in consumer reports and requires credit reporting procedures that use correct, relevant and up-to-date information in a confidential and responsible manner. *See id.*

    (a)  Failure to Follow Reporting and Investigative Procedures

Section 1681s-2b mandates that furnishers of credit information–-such as AmeriCredit–-conduct an investigation into disputed information and disclose the results of the investigation. *See* 15 U.S.C.§ 1681s-2b.

The Plaintiff alleges that AmeriCredit violated the FRCA by failing to (a) investigate her dispute, (b) report the repurchase of her loan and (c) disclose to all reporting agencies that her debt was invalid. *See* Complaint at ¶¶65, 66, 67. Even accepting these allegations as true, the Plaintiff has failed to sufficiently allege a violation. AmeriCredit's duty to investigate the Plaintiff's dispute was triggered only upon notice from Equifax. *See* 15 U.S.C. 1681s-2(b)(1). The Plaintiff, however,

3

alleges that she--not Equifax--notified AmeriCredit of the dispute. *See* Complaint at ¶12. Based upon this allegation, AmeriCredit had no responsibility to investigate the credit dispute. Therefore, the Plaintiff has not sufficiently alleged a 1681s-2(b) violation. Accordingly, the Plaintiff's claim will be dismissed.

    (b)  Common Law Defamation

The Plaintiff alleges that Calvary Portfolio defamed her by "knowingly claiming a false delinquent account." *See id.* at ¶63.

A qualified immunity exists for furnishers of false consumer information unless the false information was provided with malice or willful intent to injure. *See Spencer v. Hendersen-Webb Inc.*, 81 F.Supp. 2d 582, 597 (D. Md. 1999). As the Plaintiff does not allege that Calvary Portfolio acted with malice or willfulness intent to injure her, qualified immunity applies. *See Kreeger v. U.S. Bank*, No. 7-99-03738WSA-7, 2001 Bankr. LEXIS 2193, at *19 (Bankr. W.D.Va. Sept. 5, 2001) (qualified immunity applies when complaint does not allege malice or willful intent to injure). Accordingly, the Plaintiff's defamation claim will be dismissed.

CONCLUSION

For the reasons discussed above, AmeriCredit's and Calvary Portfolio's motions to dismiss will be granted.


<u>April 25, 2006</u>                              <u>/s/</u>
Date                                William D. Quarles, Jr.
                                    United States District Judge